THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(1), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Larry Cantrell,       
Appellant,
 
 
 

v.

 
 
 
Beattie Ashmore and Robert Ariail,       
Respondents.
 
 
 

Appeal From Greenville County
John C. Few, Circuit Court Judge

Unpublished Opinion No. 2005-UP-371
Submitted May 1, 2005  Filed June 7, 2005

AFFIRMED

 
 
 
Larry G. Cantrell, of Pelzer, for Appellant.
R. Davis Howser, Andrew E. Haselden, Michael Todd Loftis and Sylvia P. Harrison, all of Greenville, for Respondents.
 
 
 

PER CURIAM: Larry Cantrell brought this action against Beattie Ashmore and Robert Ariail, seeking to recover property forfeited after his arrest and to reinstate the forfeiture action to the jury trial docket.  The trial court dismissed the action.  We affirm.[1]
FACTS[2]
Cantrell was convicted of trafficking in cocaine in 1999.  Ashmore represented him at the time, and Ariail prosecuted the case on behalf of the State. Subsequent to the conviction, Ariail filed a complaint for forfeiture of items seized from Cantrell.    
At the time of the forfeiture action, Cantrell granted his mother a general power of attorney. Ashmore and Ariail reached a settlement regarding the forfeiture of certain items, with other items being placed in the possession of Cantrells mother.  Cantrells mother signed the consent agreement on his behalf.  The consent order was issued in March 2000. 
Cantrell filed a complaint in January 2003, in which he alleged:  The Defendants by deceit, trickery, and knowingly making a false statement of material fact and assisting Plaintiffs General Power of Attorney to commit fraud upon the Court.  He alleged he intended to assert his right to a jury trial in the forfeiture action and in no way consented or agreed to the compromise settlement. Cantrell also maintained his mother was led to believe he consented to the forfeiture and she would have never entered into this compromise settlement if she had known the truth that neither Defendants had discussed this matter with her son.  
For relief, Cantrell asked the court to grant his Motion to Restore his Forfeiture case No 99-CP-39-491 back on the docket for a jury trial.  Additionally, he sought an order requiring the Defendants to pay the Plaintiffs for all the property and return all the money contained within the Complaint for Forfeiture.  Finally, he sought payment of his costs and any other relief the court deemed just and proper.  
Ashmore and Ariail moved to dismiss the action pursuant to Rules 12(b)(6) and 12(c), SCRCP, on the ground that time for filing under the statute of limitations contained in section 15-3-550 of the South Carolina Code (2005) had passed.  Additionally, each filed an answer asserting numerous defenses including the complaint failed to state a claim upon which relief may be granted.  
The trial court issued a Form 4 order, which simply read:  Solicitor Robert Ariail is DISMISSED.  Beattie Ashmore is DISMISSED. (R.45). Cantrell failed to file a motion to reconsider pursuant to Rule 59(e), SCRCP.
LAW/ANALYSIS
Cantrell maintains the trial court erred in dismissing his action.  He alleges it was not barred by the two-year statute of limitations under section 15-3-550 of the South Carolina Code (2005) because he brought an action for fraud and not an action based upon the forfeiture, or in the alternative, the two-year statute of limitations was tolled.  We find Cantrells arguments are not preserved as they were never ruled on by the trial court in its order, and he failed to raise them in a motion pursuant to Rule 59(e), SCRCP.  See Wilder Corp. v. Wilke, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) (It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial judge to be preserved for appellate review.).
Accordingly, the order of the trial court is 
AFFIRMED.
HEARN, C.J.,  and BEATTY and SHORT, JJ., concur.

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.
[2] The majority of the facts are derived from the complaint filed by Cantrell.